JOHN D. COLLINS, plaintiff in error, *vs.* E. M. RICHARD-
SON *et al.*, defendants in error.

1. It is unnecessary to file the affidavit of taxes paid, as required by the
Act of October 15, 1870, in an action for false representations of the
solvency of one whom the plaintiff was thereby induced to credit, and
in consequence of which it was alleged the plaintiff had lost this debt.
2. If a case be called and dismissed for want of prosecution, and before
the next case is called, counsel for plaintiff in error appear and ask
that the case be heard, and the order of dismissal be not taken, the
case will be heard.  (R.  See end of Report.)

Relief Act of 1870.  Tax.  Practice.  Supreme Court.  Be-
fore Judge HARVEY.  Polk Superior Court.  August Term,
1871.

Collins averred that in February, 1865, he was engaged
as a teacher in Woodland Female College, at Cedartown,
Georgia, and hearing some complaint about the pecuniary
condition of the college, called on Richardson *et al.*, trustees
of the college for an exhibit of the financial condition of the
college, which they refused to make, but wrote him not to
fear, that the assets of the college were ample to meet its lia-
bilities, and he, relying upon this, taught one year, and could
not get pay because the college was insolvent.  Averring
that their representations were fraudulently made, he prayed
a judgment against them for his said services.  Because he
filed no affidavit as to the payment of taxes, the Court dis-
missed the case.  That is assigned as error.

(When the case was called, it was dismissed for want of
prosecution, but before the order was taken or another case
was called, counsel for plaintiff in error came in and asked
that the case be heard, and it was allowed.)

E. N. BROYLES, for plaintiff in error.

J. F. THOMPSON, by J. W. H. UNDERWOOD, for defend-
ants.

McCay, Judge.

As against this defendant, this cause of action was not taxable property. It was a *tort.* It had no fixed value. It was not a contract. The very point of it is the *wrong,* the deceit. The debt as against the corporation is not in suit in this action. The plaintiff may or may not have given in and paid the taxes on that. *This* cause of action is the deceit, the fraud practiced, as is alleged, on the plaintiff. We do not think any man ever has thought such causes of action not based, even on contract, but standing as much on *tort,* as slander, are taxable.

Judgment reversed.